UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

PARAJULI PITAMBER,

       Petitioner,

    v.

WARDEN, CALIFORNIA CITY
DETENTION FACILITY,

       Respondent.

No.  1:26-cv-03125-TLN-CKD

ORDER TO SHOW CAUSE

Petitioner, an immigration detainee proceeding pro se, has filed an application for a writ of habeas corpus pursuant to 28 U.S.C. § 2241.  On April 27, 2026, the district court judge assigned to this case ordered the following relief:

> Respondent must provide a bond hearing within seven (7) days of this Order where Respondent bears the burden of demonstrating by clear and convincing evidence before a neutral decisionmaker that Petitioner poses a danger to the community or a flight risk. The decisionmaker must consider Petitioner's financial circumstances for bond and alternative conditions of release.  Hernandez v. Sessions, 872 F.3d 976, 991 (9th Cir. 2017). At the hearing, Petitioner shall be allowed to have counsel present. If Petitioner is not found to be a danger to society or flight risk, Respondent must immediately release Petitioner. Respondent may impose any restrictions or conditions determined to be necessary by the neutral decisionmaker at the hearing.

1

On May 4, 2026, respondent filed a copy of the assigned immigration judge's decision denying petitioner release.  On May 5, 2026, the court recommended that the petition for writ of habeas corpus be dismissed as moot as it appeared petitioner obtained the relief sought.

On May 15, 2026, petitioner filed what the court construes as objections to the court's recommendation that this action be dismissed.  Petitioner complains that the hearing provided did not comply with the district judge's order in that petitioner's request that he have counsel present was not accommodated; petitioner was only provided a few hours' notice that the hearing would be held which resulted in petitioner not being able to meaningfully prepare for the hearing.  Respondent failed to provide petitioner with a copy of the district judge's order granting a hearing until two days after the hearing was held, 9 days after the order issued.

The court has reviewed the immigration judge's order.  In the order, the judge finds "[petitioner] is a significant flight risk such that no amount of bond or conditions would secure his future Court appearances." ECF No. 8-1 at 1.  Even on the limited record before the court, the court finds this statement implausible and that neither this statement nor anything else in the immigration judge's order suggests that the immigration judge reasonably considered "[p]etitioner's financial circumstances for bond and alternative conditions of release."

It appearing to the court that petitioner's present confinement is not in accord with the order issued by the district court judge assigned to this case, respondent will be ordered to show cause why this court should not recommend that petitioner be released.

Accordingly, IT IS HEREBY ORDERED that:

1. The court's May 5, 2026, findings and recommendations are VACATED.

2. Respondents are granted 7 days within which to SHOW CAUSE why the court should not recommend petitioner be released.  In particular, respondent shall address:  (1) petitioner's claim that petitioner was not permitted to proceed with counsel at the bond hearing held May 4, 2026, in violation of this court's April 27, 2026 order; and (2) whether the immigration judge complied with that portion of the court's April 27,

/////

/////

2

2026, order requiring consideration of "petitioner's financial situation for bond and alternative conditions of release."

Dated: May 28, 2026

_____
CAROLYN K. DELANEY
UNITED STATES MAGISTRATE JUDGE

1
pita3125osc