UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

PARAJULI PITAMBER,

Petitioner,

v.

WARDEN, CALIFORNIA CITY ICE
DETENTION FACILITY,

Respondent.

No.  1:26-cv-03125-TLN CKD P

FINDINGS AND RECOMMENDATIONS

Petitioner, an Immigration and Customs Enforcement (ICE) detainee has filed an application for a writ of habeas corpus pursuant to 28 U.S.C. § 2241.  He is housed at the California City Detention Facility (Cal. City).  This matter proceeds before the undersigned pursuant to 28 U.S.C. § 636, Fed. R. Civ. P. 72, and Local Rule 302(c)(17).  For the reasons which follow, the court recommends that a writ of habeas corpus be granted and petitioner be released.

I. Background

Petitioner, a native and citizen of Nepal, entered the United States without authorization on January 8, 2025.  ECF No. 15-1 at 1.  Petitioner was 37 at the time.  Id.  Petitioner was encountered by ICE agents near San Ysidro and detained.  Id. at 3-4.  Petitioner has remained in ICE custody since initially encountered.

1

On February 19, 2025, petitioner was charged with being inadmissible under 8 U.S.C. §§ 1182(a)(6)(A)(i) & 1182(a)(7)(A)(i)(I) and ordered to appear for removal proceedings on April 11, 2025.  ECF No. 15-2.  On November 24, 2025, all applications for relief from removal were denied and petitioner was ordered removed.  ECF No. 15-3.  Petitioner's appeal of that decision before the Board of Immigration Appeals (BIA) is pending.  ECF No. 15-4.

II.  Proceedings in this Court

    A.  Petitioner Files Petition for Writ of Habeas Corpus and Motion for Temporary Restraining Order.

    On April 24, 2026, petitioner filed a petition for writ of habeas corpus seeking either release from detention or a hearing before an immigration judge after which petitioner would be entitled to release unless the government establishes, by clear and convincing evidence, the petitioner is either a flight risk or dangerous.  ECF No. 1 at 2.  Petitioner also filed a motion for a temporary restraining order seeking the same relief.  ECF No. 2.

    B.  District Court's Ruling on Motion for Temporary Restraining Order

    On April 27, 2026, the district court judge assigned to this case, the Honorable Troy Nunley, granted petitioner's motion for a temporary restraining order and ordered the following relief:

> Respondent must provide a bond hearing within seven (7) days of this Order where Respondent bears the burden of demonstrating by clear and convincing evidence before a neutral decisionmaker that Petitioner poses a danger to the community or a flight risk. The decisionmaker must consider Petitioner's financial circumstances for bond and alternative conditions of release. Hernandez v. Sessions, 872 F.3d 976, 991 (9th Cir. 2017). At the hearing, Petitioner shall be allowed to have counsel present. If Petitioner is not found to be a danger to society or flight risk, Respondent must immediately release Petitioner. Respondent may impose any restrictions or conditions determined to be necessary by the neutral decisionmaker at the hearing.

    C.  Recommendation of Dismissal

    On May 4, 2026, respondent filed a copy of the assigned immigration judge's decision denying petitioner release based upon flight risk.  On May 5, 2026, the court recommended that

/////

2

the petition for writ of habeas corpus be dismissed as moot as it appeared petitioner obtained the relief sought.

On May 15, 2026, petitioner filed what the court construed as objections to the court's recommendation that this action be dismissed.

D.  Order to Show Cause

After consideration of the objections, the court vacated the recommendation that this matter be dismissed and ordered respondent to show cause why the court should not recommend petitioner be released.  In particular, respondent was ordered to address:  (1) petitioner's claim that petitioner was not permitted to proceed with counsel at the bond hearing held May 4, 2026, in violation of Judge Nunley's April 27, 2026, order; and (2) whether the immigration judge complied with the portion of  Judge Nunley's order requiring consideration of "petitioner's financial situation for bond and alternative conditions of release."

Respondent filed a response to the order to show cause on June 5, 2026.  With the response, respondent provides an audio recording of the May 4th hearing.   Petitioner testified at the hearing under oath.   Hearing Audio 15:25-15:55. Petitioner has filed a reply to the response.

III.  Respondent's Violation of Temporary Restraining Order and Due Process

In his objections to the court's recommendation that this action be dismissed and in his testimony at the bond hearing, petitioner indicates he did not receive notice of the ordered hearing until about 9:00 a,m, on the day of the hearing, May 4th.  Review of the record reveals the district court judge's order granting a bond hearing was served April 27 upon counsel for respondent electronically and petitioner by mail.  Petitioner indicates that the notice mailed to him by the court was not delivered to petitioner by ICE officials at Cal. City until May 6th.  ECF No. 12 at 1.[1]  The notice of hearing was served electronically by Immigration Court on a "custodial officer" at Cal. City on April 28.  ECF No. 15-6.  It is not clear if petitioner received that notice on the

---

[1]  Petitioner indicates he received docket entry no. 4 from the Clerk of the Court on May 1, 2026, which is information the clerk provides to litigants around the time cases are opened.  ECF No. 12 at 2.  Dockt entry No. 4 was also served by the Clerk of the Court on April 27, but docket no. 4 was entered at 1:32 p.m. and deemed served at 1:33 p.m. while Judge Nunley's order granting the bond hearing was not entered until 2:59 p.m. and not served until 3:01 p.m.  These facts indicate that docket entry No. 4 and the order granting the bond hearing were not sent in the same mailing.

morning of May 4th or whether petitioner was informed that the hearing would occur at 1:30 that day by some other manner.  Respondent does not present any evidence contradicting plaintiff's as to when plaintiff received notice that a hearing was granted or when the hearing would occur. The hearing was held at 1:30 p.m. in Adelanto (ECF No. 15-6) at which petitioner appeared via Zoom.  Immigration Court in Adelanto is approximately 70 miles from Cal. City.[2]

Petitioner was able to contact his counsel before the hearing.  ECF No. 17 at 2.  Counsel informed petitioner that because of the short notice, he could not appear at the hearing and advised petitioner to seek a continuance.  Id.  It is not clear whether petitioner had access to any relevant documents between the time he learned of the hearing and when he left for Adelanto.

Near the beginning of the May 4th hearing, petitioner informed the immigration judge that he did not receive prior notice of the hearing until after 9:00 a.m. that day which denied petitioner the ability to consult with counsel and provide documentation concerning persons willing to assist petitioner with housing, transportation, etc., i.e. "sponsors," once released.  He requested a continuance of the hearing so that he could be represented by counsel and provide documents concerning his "sponsors."  Hearing Audio at 5:10-7:22, 9:45-10:10, 18:50-19:10, 45:30-.45:55, 53:15-54:00.  The immigration judge denied the request noting that the hearing was occurring on the 7th day following the issuance of Judge Nunley's order that the hearing be held within 7 days suggesting that the granting of any continuance would amount to a violation of Judge Nunley's order.  Id. at 7:22-8:04.  While the immigration judge seemingly finds that the notice provided to petitioner as to the bond hearing was sufficient, id. at 50:00-51:16, the immigration judge made no serious inquiry as to when petitioner received notice.  Id. at 52:45-53:15.

Ultimately bond was denied based upon a finding that "[n]o amount of bond or conditions would secure your future court appearance."  Id. at 46:00-46:15.

On the record before the court, the court finds that petitioner was not given the opportunity to have counsel present at the May 4, 2026, bond hearing due to lack of proper notice.  While it appears the immigration judge presiding over petitioner's bond hearing was

---

[2]  The court takes judicial notice of this fact pursuant to Rule 201 of the Federal Rules of Evidence.

possibly under the belief that any other rights to be afforded to petitioner had to give way to completion of the hearing by May 4th, the court did not order that the dangerousness / flight risk determination had to be completed within 7 days.  Commencing the hearing by May 4th, and granting petitioner any continuance in the interest of complying with the explicit requirement that petitioner at least be permitted to consult counsel, would not have violated the Judge Nunley's order.

In addition to not being able to consult with counsel, petitioner asserts he was not able to provide any documentary evidence because of the lack of sufficient notice.  While petitioner was permitted to testify as to matters relevant to whether he is a flight risk, petitioner suggests that he could not provide some information in support of his request for release without being able to submit documents or without further investigation.  Id. at 5:20-7:22.  Petitioner's request for a continuance was denied even though he was given almost no chance to prepare for hearing, he did not have counsel, the evidence sought to provide as to his "sponsors" could have been relevant to a determination as to whether petitioner would be an unacceptable flight risk if released, and the evidence sought would not have been difficult to obtain if it exists.  Furthermore, petitioner had no apparent interest in delaying proceedings any longer than necessary as he understood he would remain in ICE custody during the requested continuance period.

"The essence of due process is the requirement that a person in jeopardy of serious loss be given notice of the case against him and opportunity to meet it."  Mathews v. Eldridge, 424 U.S. 319, 350 (1976) (internal quotations omitted).  Here, petitioner's right to a meaningful opportunity to put forward evidence as to whether he is eligible for release was compromised by insufficient notice of the ordered hearing and the immigration judge's failure to grant petitioner more time to remedy the lack of proper notice.

IV.  Remedy

The hearing provided to petitioner on May 4, 2026, was not in accord with Judge Nunley's April 27, 2026, order, and the finding that petitioner is a flight risk sufficient to deny petitioner release cannot stand.  As Judge Nunley found that petitioner could only remain detained upon a valid finding of unacceptable flight risk or risk of danger and no such finding

5

stands, petitioner should be released.

Accordingly, IT IS HEREBY RECOMMENDED that:

1.  A writ of habeas corpus be GRANTED;

2.  Respondent be ordered to release petitioner subject to conditions of supervision authorized by law; and

3.  This case be closed.

These findings and recommendations are submitted to the United States District Judge assigned to the case, pursuant to the provisions of 28 U.S.C. § 636(b)(l).  Within **7 days** after being served with these findings and recommendations, any party may file written objections with the court and serve a copy on all parties.  Such a document should be captioned "Objections to Magistrate Judge's Findings and Recommendations."  Any response to the objections shall be served and filed within **7 days** after service of the objections.  The parties are advised that failure to file objections within the specified time may waive the right to appeal the District Court's order.  Martinez v. Ylst, 951 F.2d 1153 (9th Cir. 1991).

Dated:  June 11, 2026

CAROLYN K. DELANEY
UNITED STATES MAGISTRATE JUDGE

1
pita3125.imm.frs

6